PER CURIAM.
This cause is before us on complaint of The Florida Bar to review the referee’s report and recommendation regarding discipline of Israel Perez, Jr., for alleged ethical violations. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following specific findings of fact:
The evidence revealed that the Respondent loaned money to Julio Diaz, a former client, and friend of the Respondent. Julio Diaz was the President of P.S. Medical Service, which provided services to Alina Diaz, a client of the Respondent.
The Respondent entrusted Julio Diaz with checks made payable to his client and medical providers under the apparent misapprehension that Diaz would obtain the necessary endorsements for Respondent to deposit the checks and remit payment to the providers in cash. The Respondent then deposited the checks into his Trust Account and subsequently transferred the funds to his operating account reducing the debt owed to him by Diaz.
The evidence established that the Respondent, Israel Perez, failed to follow rules, regulations and procedures concerning Trust Accounts and improperly relied upon persons unrelated to his law firm in the handling of checks payable to clients. The Respondent erred in indiscriminately exchanging such funds for the repayment of personal loans owed by Diaz to him. As admitted by the Respondent, his actions and lack of diligence in maintaining his accounts and records constituted gross negligence. However, I cannot find on the evidence presented that the Respondent acted in an intentional manner or that he intended to defraud either his client or the health care providers. His conduct reflects ignorance and gross negligence in the extreme.
The referee then concluded that Perez had violated Disciplinary Rules 1-102(A)(4), 1-102(A)(6), 9-102(B)(l), and the Florida Bar Integration Rule, Article XI, Rule 11.-02(4).[1] However, the referee also found six mitigating factors: (a) no prior or subse *778 quent disciplinary record; (b) no proof of an intent to defraud; (c) Perez fully and freely cooperated with the Bar; (d) at the times in question, Perez was inexperienced and had just commenced his first year of practice; (e) the long delay before disciplinary charges were brought may have prejudiced Perez because significant witnesses were not available to be examined, including Julio Diaz; and (f) Perez was remorseful and expressed willingness to correct any deficiencies in his practice.
Based on the foregoing, the referee recommended that Perez receive a public reprimand and be required to pay restitution to Alina Diaz’ mother in the amount of $104.00 plus interest. The referee expressly noted that, but for the mitigating factors, she would have recommended a suspension. The Bar now asks for a six months’ suspension while Perez argues that the recommended discipline is appropriate.
The findings of the referee are supported by competent substantial evidence and thus are binding on this Court. Because of the considerable case for mitigation found by the referee, we agree that a public reprimand is the appropriate discipline. That reprimand hereby is imposed by publication of this opinion in Southern Reporter. We also order Perez to pay the restitution as recommended by the referee. Judgment for costs in the amount of $2,515.64 against Perez and in favor of The Florida Bar hereby is entered, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The actions at issue here occurred in 1985 and thus were considered under a code of conduct predating the present one.